SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
WYNTER L. DEAGLE, Cal Bar No. 296501
wdeagle@sheppardmullin.com
12275 El Camino Real, Suite 100
San Diego, California 92130-4092
Telephone:    858.720.8900
Facsimile:    858.509.3691

Attorneys for Defendant
Kaiser Foundation Health Plan, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| CHRISTOPHER NEWTON, CHRISTA VITAL, SCOTT SCHUTZA on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>KAISER FOUNDATION HEALTH PLAN, INC., a California Corporation; META PLATFORMS INC., a Delaware Corporation; GOOGLE LLC, a Delaware Limited Liability Company, and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 3:24-cv-03625<br><br>Removed from Alameda Superior Court, Case No. 24CV073453<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION**<br><br>*Filed concurrently with Declaration of Wynter L. Deagle*<br><br>**CLASS ACTION**<br><br>Trial Date:         Not Set |

TO THE CLERK OF THE ABOVE-ENTITLED COURT, AND ALL PARTIES AND THEIR ATTORNEY OF RECORD:

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1331, 1332, 1441, 1446, Defendant Kaiser Foundation Health Plan, Inc. ("Defendant" or "Kaiser") hereby removes the action *Christopher Newton, et al. v. Kaiser Foundation Health Plan, Inc., et al.*, pending in the Superior Court of the State of California, County of Alameda, Case No. 24CV073453, to the United States District Court for the Northern District of California.

Removal is based on the Class Action Fairness Act ("CAFA"), 28 U.S.C. Sections 1332(d), 1441(b) and 1446.

This Court has original jurisdiction pursuant to the CAFA, 28 U.S.C. 1332(d), because: (1) the proposed class contains at least 100 members; (2) Kaiser is not a state, state official or other governmental entity; (3) the total amount in controversy for all class members exceeds $5,000,000 in the aggregate, exclusive of interest and costs; and (4) minimal diversity exists between the parties.

## I.  BACKGROUND

1. On April 29, 2024, Christopher Newton, Christa Vital, and Scott Schutza ("Plaintiffs") commenced this action by filing a Complaint against Kaiser in the Superior Court of the State of California, County of Alameda styled *Christopher Newton, et al. v. Kaiser Foundation Health Plan, Inc., et al.*, Case No. 24CV073453.

2. Kaiser was served with a Summons and copy of the Complaint on May 15, 2024. Declaration of Wynter L. Deagle in Support of Defendant Defendant's Notice of Removal ("Deagle Decl."), ¶ 5, Exh. A, B.

3. On June 10, 2024, Plaintiffs filed an amended complaint, the First Amended Class Action Complaint ("FAC") that added META PLATFORMS, INC ("Meta") and GOOGLE LLC ("Google") as named co-defendants. Deagle Decl. ¶ 6, Exh. C.

4. Plaintiffs' Complaint was styled as a putative class action under California Code of Civil Procedure Section 382, and brought on behalf of themselves and "a putative class defined as, 'All natural persons in the United States who used the Kaiser Platform and whose communications

and/or data were intercepted by Defendants, and who received a Notice of Data Breach in May of 2024.'" FAC ¶ 3.

5.   In sum, Plaintiffs allege that Kaiser allowed Plaintiffs' information to be disclosed to unauthorized third-party vendors through Kaiser's use and implementation of the vendors' online technologies on an undefined "Kaiser Platform." *See* FAC ¶¶ 4–6. Specifically, Plaintiffs contend that Kaiser incorporated technology from Meta and Google that captured certain information from Plaintiffs during Plaintiffs' use of the Kaiser Platform. *Id*. at 6. Plaintiffs also allege their information was disclosed to X (formerly Twitter) during their use of the Kaiser Platform. *Id*. ¶ 27.[1] On this basis, Plaintiffs claim these disclosures violated Kaiser's duties under HIPAA and certain state laws. *Id*. ¶¶ 50–67. The FAC brings causes of action (1) under the California Confidentiality of Medical Information Act, Civil Code §§ 56, *et seq*; (2) under California Unfair Competition Law, Cal Bus, & Prof. Code § 17200, *et seq*; (3) claims for negligence; (4) claims for negligence per se; (5) under common law invasion of privacy—intrusion upon seclusion; (6) under California Penal Code § 631; and (7) under California Penal Code § 632. *See* FAC at 1.

6.   In their Prayer for Relief, Plaintiffs seek an order certifying the action as a class action; monetary relief, including actual and statutory damages, punitive damages, attorneys fees, expenses, and costs; injunctive and equitable relief; class notification costs; and restitution. *See* FAC at 46–47.

## II.   VENUE

7.   Under 28 U.S.C. §§ 84(a) and 1441(a), venue is proper in the United States District for the Northern District of California because this Court embraces the Superior Court for Alameda County, where this action is pending.

## III.   NOTICE TO SUPERIOR COURT AND PLAINTIFF

8.   In accordance with 28 U.S.C. § 1446(d), Notice of Removal will be promptly served on Plaintiffs and filed with the Clerk of the Superior Court of the State of California for the

---

[1] X is not a party to this suit.

County of Alameda.

9. In compliance with 28 U.S.C. § 1446(a), true and correct copies of all "process, pleadings, and orders" from the state court action served on Kaiser or filed by Kaiser are attached as **Exhibits A through E** to the Declaration of Wynter L. Deagle, filed concurrently herewith.

## IV. REMOVAL IS TIMELY

10. Under 28 U.S.C. § 1446(b), "a case may be removed–during the first thirty days after the defendant receives the initial pleading." *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 692 (9th Cir. 2005).

11. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) because it is being filed within thirty days of May 15, 2024, the date on which Kaiser received the Complaint through service of Summons and a copy of the Complaint. Deagle Decl. ¶ 5, Exh. B. This Notice of Removal also is filed within one year of the commencement of this action and is thus also timely pursuant to 28 U.S.C. § 1446(c)(1).

## V. JOINDER

12. Under CAFA, a case may be removed by any defendant without the consent of co-defendants. *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015).

13. Here, Plaintiffs have brought suit against Kaiser, Meta, and Google. As discussed *infra*, minimal diversity exists between at least one putative class member plaintiff and one defendant, thereby rendering removal proper as to all Defendants.

## VI. JURISDICTION IS PROPER UNDER CAFA

14. CAFA was enacted on February 18, 2005. In relevant part, CAFA grants federal district courts original jurisdiction over civil class action lawsuits filed under federal or state law in which any member of a class of plaintiffs is a citizen of a state different from any defendant, and where the amount in controversy exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d).

15. This Court has jurisdiction over this case under CAFA, 28 U.S.C. § 1332(d), and this case may be removed pursuant to the provisions of 28 U.S.C. § 1441(a), in that it is a civil class action wherein: (1) the proposed class contains at least 100 members; (2) the defendant is not

a state, state official or other governmental entity; (3) the total amount in controversy for all class members exceeds $5,000,000; and (4) there is diversity of citizenship between at least one class member and one defendant.

16. Under CAFA, a removing defendant need not submit any evidence of the facts establishing jurisdiction in its notice of removal. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014) (holding notice of removal "need not contain evidentiary submissions."). Rather, "[a] defendant's notice of removal need include only a plausible allegation." *Id*. at 89. Evidence is required "*only* when the plaintiff contests, or the court questions, the defendant's allegation." *Id.* (emphasis added); *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 924 (9th Cir. 2019) (finding courts may not remand where notice of removal plausibly alleges the basis for removal, without giving the defendant an opportunity to prove the jurisdictional requirements are satisfied).

17. The United States Supreme Court in *Dart Cherokee* held that "no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court," adding that CAFA "should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant." *Dart Cherokee*, 574 U.S. at 89. Following *Dart Cherokee*, the Ninth Circuit has directed the district courts to "interpret CAFA's provisions under section 1332 broadly in favor of removal . . . ." *Jordan v. Nationstar Mortg. LLC,* 781 F.3d 1178, 1184 (9th Cir. 2015); *see also Ibarra v. Manheim Invs., Inc*., 775 F.3d 1193, 1197 (9th Cir. 2015) ("Congress intended CAFA to be interpreted expansively."); *Bridewell-Sledge v. Blue Cross*, 798 F.3d 923, 929 (9th Cir. 2015) (finding, under *Dart Cherokee*, that district court erred "in its remand orders by applying a 'strong presumption against removal jurisdiction.'"); *Moppin v. Los Robles Reg'l Med. Ctr*., 2015 WL 5618872, at *2 (C.D. Cal. Sept. 12, 2015) ("[N]o presumption against removal exists in cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court.").

18. As set forth below, this action satisfies each of the requirements of Section 1332(d)(2) for original jurisdiction under CAFA.

**A.     This is a Class Action with a Putative Class of at Least 100 Members and None of the Defendants are States, State Officials, or Government Entities**

19.     This action meets CAFA's definition of a class action, which is "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. §§ 1332(d)(1)(B), 1435(a) & (b). This action has been brought on behalf of a nationwide class, FAC ¶ 3, and styled as a California class action pursuant to California Code of Civil Procedure § 382. FAC at 46. Plaintiffs identify the putative class as, "[a]ll natural persons in the United States who used the Kaiser Platform and whose communications and/or data were intercepted by Defendants, and who received a Notice of Data Breach in May of 2024." FAC ¶ 3.

20.     28 U.S.C. § 1332(d)(5) excludes from CAFA jurisdiction cases in which "the primary defendants are States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief; or . . . the number of members of all proposed plaintiff classes in the aggregate is less than 100."

21.     Kaiser is a California corporation. FAC ¶ 16. It is not a state, a state official, or a government entity.

22.     The Complaint alleges that Plaintiff believes the number of potential class members is "so numerous that joinder of all members is impracticable" and may be as high as 13.4 million individuals. FAC ¶ 144. Therefore, Plaintiffs' proposed class consists of at least 100 members both now at the time of removal and at the institution of this civil action, as required by 28 U.S.C. § 1332 (d)(5)(B).

**B.     The Parties Are Minimally Diverse**

23.     CAFA's minimal diversity requirement is satisfied when: (1) at least one plaintiff is a citizen of a state in which none of the defendants are citizens; (2) at least one plaintiff is a citizen of a foreign state and one defendant is a U.S. citizen; or (3) at least one plaintiff is a U.S. citizen and one defendant is a citizen of a foreign state. *See* 28 U.S.C. § 1332(d). This requirement is easily satisfied here.

24.     An individual is a "citizen" of the state in which he is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).  No evidence of domicile is required at the notice of removal stage. *See Dart Cherokee*, 574 U.S. at 84.  Indeed, a mere allegation of the parties' citizenship is sufficient for removal. *Ehrman v. Cox Communs., Inc.,* 932 F.3d 1223, 1227 (9th Cir. 2019).

25.     The named Plaintiffs allege that they reside in California.  FAC ¶ 12-14.  However, Plaintiffs' alleged putative class is a nationwide class. *Id.* ¶ 3.  Plaintiffs' FAC contemplates certain members of the putative class reside outside of California. *Id.* ¶ 144.  Kaiser serves individuals in the following states: Colorado, Georgia, Hawaii, Maryland, Oregon, Virginia, Washington, and the District of Columbia that also used the Kaiser Platform.  Therefore, there are purported class members who are not California citizens.

26.     A corporation is deemed to be a citizen of every state by which it has been incorporated and of the state where it has its principal place of business.  28 U.S.C. § 1332(c)(1); *Davis v. HSBC Bank Nevada, N.A.*, 557 F.3d 1026, 1028 (9th Cir. 2009).

27.     The Plaintiffs have specified the citizenship of the Defendants as follows: (1) Kaiser is a California corporation with its principal place of business in California; (2) Meta is a Delaware corporation with its principal place of business in California; and (3) Google is a Delaware limited liability company with its principal place of business in California.  FAC ¶¶ 16-17, 23.

28.     Given these allegations, the criteria for minimal diversity under CAFA is met.  There is at least one putative class member plaintiff who is a citizen of a different state than any of the Defendants.  The alleged members of the nationwide class who are not from California reside across a range of states, including Colorado, Georgia, Hawaii, Maryland, Oregon, Virginia, Washington, and the District of Columbia, while the Defendants' citizenship is confined to California and Delaware.  Consequently, minimal diversity exists because at least one putative class member plaintiff is from a state in which none of the Defendants claim citizenship.

/ / /

/ / /

**C.      The Aggregate Amount In Controversy Exceeds $5,000,000**

29.     Without making any admission of liability or damages with respect to any aspects of this case, or the proper legal test(s) applicable to Plaintiffs' allegations on behalf of themselves and the putative class, the amount that has been placed in controversy by Plaintiffs exceed the jurisdictional minimum of this Court, $5,000,000.

30.     "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 574 U.S. at 89. Moreover, a defendant need not set forth evidence establishing the amount in its notice of removal. *Id*. A defendant is not obliged to "research, state, and prove the plaintiff's claim for damages." *McCraw v. Lyons*, 863 F. Supp. 430, 434 (W.D. Ky. 1994).

31.     Under CAFA, the claims of the individual class members are aggregated to determine if the amount in controversy exceeds the required "sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2), (d)(6); *see also Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 684 (9th Cir. 2006).

32.     The amount in controversy "is simply an estimate of the total amount in dispute, not a prospective assessment of [the] defendant's liability." *Lewis v. Verizon Comms., Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). To determine the amount in controversy, the Court must assume that the allegations in the operative pleading are true and that a jury will return a verdict for the plaintiff on all such claims. *See Cain v. Hartford Life & Accident Ins. Co.*, 890 F. Supp. 2d 1246, 1249 (C.D. Cal. 2012) ("The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe." (emphasis and quotation marks omitted)).

33.     Plaintiffs allege that all Defendants have violated the Confidentiality of Medical Information Act ("CMIA") and Plaintiffs are entitled to nominal damages in the amount $1,000 per violation under Civil Code § 56.36(b)(1). FAC ¶¶ 154–161. With allegations alleging as many as 13.4 million potential class members, each eligible for $1,000 in nominal damages, the total amount in controversy is asserted to be at least $13.4 billion. *See* FAC ¶ 144.

34.     Further, Plaintiffs bring claims against both Meta and Google for violations of the

California Invasion of Privacy Act ("CIPA") under Cal. Penal Code §§ 631 and 632.  FAC ¶¶ 208–229.  Plaintiffs allege that statutory damages for each of these sections is "the greater of: (1) $5,000 per violation; or (2) three times the amount of damages sustained by Plaintiffs and the Class in an amount to be proven at trial, as well as injunctive or other equitable relief." *Id*. ¶¶ 218–229.  Assuming the base figure of $5,000 per violation, each class member could potentially claim $10,000 for CIPA violations.  With up to 13.4 million class members involved, the Plaintiffs have placed $134 billion in controversy through their CIPA claims alone.

35. In total, accounting for both CMIA and CIPA claims, the Plaintiffs have positioned $147.4 billion in controversy, far exceeding the $5,000,000 minimum amount required by CAFA.

36. For the reasons identified above, CAFA jurisdiction is proper here and this action is removed to federal court in the Northern District of California.

## VII.  CONCLUSION

37. For the forgoing reasons, and having provided notice as is required by law, the above-entitled action is removed from the Superior Court for the County of Alameda to the United States District Court for the Northern District of California.

Dated:  June 14, 2024

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By       */s/ Wynter L. Deagle*
         WYNTER L. DEAGLE

Attorneys for Defendant
Kaiser Foundation Health Plan, Inc.