**WILLKIE FARR & GALLAGHER LLP**
BENEDICT Y. HUR (SBN 224018)
bhur@willkie.com
SIMONA A. AGNOLUCCI (SBN 246943)
sagnolucci@willkie.com
EDUARDO E. SANTACANA (SBN 281668)
esantacana@willkie.com
DAVID D. DOAK (SBN 301319)
ddoak@willkie.com
ISABELLA MCKINLEY CORBO (SBN 346226)
icorbo@willkie.com
333 Bush Street, 34th Floor
San Francisco, CA 94104
Telephone: (415) 858-7400

Attorneys for Defendant
**GOOGLE LLC**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| CHRISTOPHER NEWTON, CHRISTA VITAL, SCOTT SCHUTZA on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>KAISER FOUNDATION HEALTH PLAN, INC., a California Corporation, META PLATFORMS INC., a Delaware Corporation, GOOGLE LLC, a Delaware Limited Liability Company, and DOES 1 through 100, Inclusive,<br><br>Defendants. | Case No. 3:24-cv-03625-EMC<br><br>**NOTICE OF MOTION AND MOTION TO SEVER PLAINTIFFS' CLAIMS AGAINST GOOGLE LLC**<br><br>[*Proposed Order filed concurrently herewith*]<br><br>Date: August 22, 2024<br>Time: 1:30 p.m.<br>Ctrm: 5 – 17th Floor<br><br>**<u>CLASS ACTION</u>**<br>Removed from Alameda Superior Court<br>Case No. 24CV073453<br><br>Trial Date: Not set<br>Current Action Filed: April 29, 2024<br>Removal Filed: June 14, 2024<br><br>Honorable Edward M. Chen |
| JOHN DOE, JOHN DOE II, JANE DOE, JANE DOE II, JANE DOE III, JANE DOE IV, and | **RELATED ACTION**<br>Case No. 3:23-cv-02865-EMC |

| | |
|---|---|
| JANE DOE V, Individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>KAISER FOUNDATION HEALTH PLAN, INC., KAISER FOUNDATION HOSPITALS, and KAISER FOUNDATION HEALTH PLAN OF WASHINGTON,<br><br>Defendants. | SAC filed: May 9, 2024<br>Trial date: October 27, 2025 |
| ALEXIS SUTTER, on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br>vs.<br><br>KAISER FOUNDATION HEALTH PLAN, INC.,<br><br>Defendant. | **RELATED ACTION**<br>Case No.: 3:24-cv-03352-EMC<br><br>Trial Date: Not set<br>Current Action Filed: June 4, 2024 |

**PLEASE TAKE NOTICE** that on August 22, 2024, at 1:30 p.m. before the Honorable Edward M. Chen of the United States District Court for the Northern District of California in the San Francisco Courthouse, 450 Golden Gate Avenue, Courtroom 5, 17th Floor, San Francisco, CA 94102, Defendant Google, LLC ("Google") will and hereby does move this Court for an order severing the claims against Google in this action. This Motion to Sever Plaintiffs' Claims Against Google, LLC (the "Motion") is brought under Federal Rule of Civil Procedure 21, on the basis that the claims against Google in this action: (1) arise from distinct circumstances from the claims against the other defendants; (2) concern distinct factual and legal questions from the claims against the other defendants and thus will require different evidence; and (3) on the basis that severance will promote judicial economy, facilitate settlement, and avoid prejudice to Google.

This Motion is based upon this Notice of Motion and Motion, any other matters of which the Court may take judicial notice, other documents on file in this action, and any oral argument of counsel.

Dated: July 15, 2024

WILLKIE FARR & GALLAGHER LLP
Benedict Y. Hur
Simona A. Agnolucci
Eduardo E. Santacana
David D. Doak
Isabella McKinley Corbo

By: */s/ Benedict Y. Hur*
BENEDICT Y. HUR

Attorneys for Defendant
GOOGLE LLC

**MOTION TO SEVER PLAINTIFFS' CLAIMS AGAINST GOOGLE, LLC**

## I. Introduction

This action concerns the alleged transmission of sensitive user health information from defendant Kaiser Foundation Health Plan, Inc. ("KFHP") to defendants Google, LLC ("Google") and Meta Platforms, Inc. ("Meta") (collectively, "Defendants") via Google's and Meta's respective analytics technologies. With regard to Google, Plaintiffs specifically allege that KFHP chose to embed on its websites certain Google code, that this code intercepted health data that Plaintiffs and proposed class members input on KFHP's websites, and that these health data were then transmitted to Google. *See, e.g.,* ECF No. 1-4 at 25, ¶¶ 113-14.

Plaintiffs' allegations are substantially the same as those underpinning earlier-filed claims against Google in *Doe v. Google LLC*, No. 3:23-cv-02431-VC (Chhabria, J.) (the "*Doe v. Google* Action"), also pending in this District. The operative complaint in the *Doe v. Google* Action alleges that this same type of Google code, embedded in the same websites of the same health care provider at issue here (namely, KFHP), intercepted sensitive health information and transmitted that information to Google. *Doe v. Google* Action, ECF No. 86 at 2, ¶ 5.

Because it is well-settled that a party should not be required to simultaneously defend against the same claims arising from the same alleged facts asserted by the same parties in separate actions, Google now moves to sever the claims against it in this action so that the Court may consider, on subsequent motion, whether to relate the claims in the present case to the claims pending against Google in the *Doe v. Google* Action.[1] Severance and relation here will conserve judicial and party resources and avoid the risk of inconsistent rulings.

---

[1] As explained in more detail *infra*, should the Court grant severance, Google intends to move to relate the severed *Newton* claims to the *Doe v. Google* claims in a separate Administrative Motion to be filed before Judge Chhabria, as that is the procedure contemplated by the Northern District of California Local Rules. *See* LR 3-12(b) ("Whenever a party knows … that an action, filed in or removed to this district is (or the party believes that the action may be) related to an action which is or was pending in this District as defined in Civil L.R. 3-12(a), the party must promptly file in the lowest-numbered case an Administrative Motion to Consider Whether Cases Should be Related, pursuant to Civil L.R. 7-11."). However, to the extent that the Court may prefer to consider these issues in tandem, Google would welcome the opportunity to present argument on both issues at the same time.

## II. Procedural Background

**The *Newton* Action.** On June 10, 2024, in the instant case, Plaintiffs filed their First Amended Class Action Complaint ("FAC") against Google, Meta, and KFHP in the Superior Court of California for the County of Alameda, alleging that KFHP incorporated tracking technologies from Meta and Google onto its website platform and transmitted users' sensitive health data via those technologies. ECF No. 1-4. KFHP subsequently filed a notice of removal, removing this action to the U.S. District Court for the Northern District of California on June 14, 2024. Plaintiffs define the proposed class as, "All natural persons in the United States who used the Kaiser Platform and whose communications and/or data were intercepted by Defendants, and who received a Notice of Data Breach in May of 2024." *See* ECF No. 1-4 at 2, ¶ 3.

On June 21, 2024, in *Doe v. Kaiser Foundation Health Plan, Inc. et al.*, No. 3:23-cv-02865-EMC (N.D. Cal.) (the "*Doe v. Kaiser* Action"), the defendants therein—namely, KFHP, Kaiser Foundation Hospitals, and Kaiser Foundation Health Plan of Washington—filed an Administrative Motion to Consider Whether Cases Should Be Related (therein, ECF No. 173) (the "Administrative Motion"), seeking to relate that case to the instant case and to *Alexis Sutter v. Kaiser Foundation Health Plan, Inc. et al.*, No. 3:24-cv-03352-JCS (the "*Sutter v. Kaiser* Action"), all pending in this District. Google, which is not a party in the *Doe v. Kaiser* Action, subsequently filed a Statement in Support of Kaiser's Administrative Motion (the "Statement," therein, ECF No. 180) in that Action. The Statement indicated Google's support for the Administrative Motion, and advised that after the resolution of said Administrative Motion, Google would move pursuant to Federal Rule of Civil Procedure 21 to sever the claims against it in the instant case and then to relate them to the *Doe v. Google* Action. The Court granted the Administrative Motion on July 1, 2024, thereby relating the instant case to both the *Doe v. Kaiser* Action and the *Sutter v. Kaiser* Action.

**The *Doe v. Google* Action.** The *Doe v. Google* Action was filed earlier than the *Doe v. Kaiser* Action, the *Sutter v. Kaiser* Action, and the instant case. Google has been litigating the claims in the *Doe v. Google* Action—which claims are redundant of those asserted here—for over

a year. The proposed class in the *Doe v. Google* Action consists of "All persons in the United States and its territories whose Health Information was obtained by Google from their Health Care Provider." *See Doe v. Google LLC*, No. 3:23-cv-02431-VC (N.D. Cal.) (ECF No. 86 at 131, ¶ 376)." This proposed class subsumes the proposed class in the instant case.

Like the *Newton* claims, the *Doe v. Google* claims are based on allegations that the protected health information of proposed class members was transmitted to Google via the Google Analytics technology that health care providers, including Kaiser, chose to use on their websites. Kaiser's inclusion among the websites at issue in the *Doe v. Google* Action means that the issue of the use of Google Analytics on Kaiser web domains—the same alleged facts that give rise to the claims in the instant case—is already being litigated by Google and adjudicated by a Court of this District.

## III. Legal Standard

Under Federal Rule of Civil Procedure 21, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21. A district court is vested with "broad discretion … to make a decision granting severance." *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1297 (9th Cir. 2000). Further, "a court may order severance under [Rule 21]" of claims against a single defendant "even where joinder is proper." *Asis Internet Servs. v. Rausch*, No. 08-03186 EDL, 2010 WL 1838752, at *10 (N.D. Cal. May 3, 2010).

Courts weigh the following factors when evaluating whether to sever a claim under Rule 21: "(1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for the separate claims." *SEC v. Leslie*, No. C 07-3444, 2010 WL 2991038, at *4 (N.D. Cal. July 29, 2010). A court may exercise its discretion to sever claims that are "discrete and separate." *Hernandez v. City of San Jose*, No. 16-CV-03957-LHK, 2017 WL 2081236, at *4 (N.D. Cal. May 15, 2017). Severance is

proper where it "will serve the ends of justice and further the prompt and efficient disposition of litigation." *Khanna v. State Bar of Cal.*, No. C-07-2587 EMC, 2007 WL 2288116, at * 2 (N.D. Cal. Aug. 7, 2007) (Chen, J.).

## IV. Argument

The claims against Google in this action are distinct from Plaintiffs' claims against Meta and KFHP, and should be severed. Plaintiffs' allegations against Google rely on a distinct set of facts, which will require different evidence to prove than the claims against the other Defendants. Accordingly, the claims against each Defendant will rise and fall on both different facts and different law. Severance will streamline discovery; simplify any potential future discussions of settlement; minimize the risk of inconsistent rulings; promote judicial economy; reduce litigation costs for all parties; and facilitate the relation of the claims here to those in the *Doe v. Google* Action, which arise from the same allegations and have been asserted on behalf of the same proposed class at an earlier date.

### A. Severance Is Warranted Because Plaintiffs' Claims Against Google Arise Out of A Different "Transaction or Occurrence" From Those Against Meta and Kaiser

Plaintiffs' claims against Google should be severed because they arise from different "transactions and occurrences" than the claims against Meta and Kaiser. *Hernandez*, 2017 WL 2081236 at *4 ("In deciding whether to sever a claim under Rule 21, a court considers … [] whether the claims arise out of the same transaction or occurrence").

The allegations against Meta concern the use of Meta's Pixel technology and representations in Meta's Privacy Policy. ECF No. 1-4 at 19-23, ¶¶ 80-104. Meta Pixel is entirely separate from Google Analytics, and Google's own Privacy Policy has no bearing on the allegations relating to Meta's.[2] Indeed, there is a separate, non-related case against Meta captioned *In re Meta Pixel Healthcare Litig.*, No. 3:22-cv-03580 (N.D. Cal.), which itself also contains a

[2] Plaintiffs make conclusory allegations that "[e]ach Defendant had actual and/or constructive knowledge of the acts of each of the other Defendants," but fail to explain how this could possibly be the case between Meta and Google, given that the technologies at issue are entirely distinct. ECF No. 1-4 at 9, ¶ 25.

class definition that fully subsumes the class proposed here vis-a-vis Meta. That case is already proceeding in parallel with, but separate from, the *Doe v. Google* Action before Judge Chhabria. The allegations against Meta and Google concern two separate technologies created, maintained, and administered by two separate companies.

Nor do Kaiser's alleged actions arise out of the same "transaction or occurrence" as Google's. *See Leslie*, 2010 WL 2991038 at *4. Plaintiffs allege that Kaiser's unlawful activity concerns Kaiser's "creat[ion], maint[enance], preserva[ation], and stor[age]" of certain medical information. ECF No. 1-4 at 2, ¶ 4. Google, on the other hand, is alleged to have unlawfully "intercept[ed] [] this information." *Id.* at 3, ¶ 9. Plaintiffs' claims against Google are about Google's alleged actions and the functionalities of Google's technology, whereas the claims against Kaiser concern the manner in which Kaiser chooses to organize its own website. The "circumstances" underlying Google's alleged conduct are thus entirely distinct from those underlying the claims against Meta and Kaiser, which "favors severance." *See Hernandez*, 2017 WL 2081236 at *9; *Burden v. Serafin*, No. 22-CV-03479-DMR, 2022 WL 20113300, at *5 (N.D. Cal. Nov. 14, 2022) (severance is favored where claims each concern a "discrete and separate incident"); *Dormoy v. HireRight, LLC*, No. 23-CV-02511-EMC, 2023 WL 5110942, at *8 (N.D. Cal. Aug. 9, 2023) (an incident is "discrete and separate" where "one claim [is] capable of resolution despite the outcome of the other claim"). And, as with Meta, there is already a case against Kaiser proceeding before this Court without Meta or Google as defendants.

**B. Severance Is Warranted Because the Claims Against Google Concern Different Questions of Fact and Law, and Require Different Evidence**

Severance should be granted where "the factual predicates underlying the violations are different." *Leslie*, 2010 WL 2991038 at *5. That is the situation here. The Court should sever the claims against Google because they concern distinct questions of fact and law not implicated by Plaintiffs' claims against the other defendants. *See Burden*, 2022 WL 20113300 at *5 (when adjudicating a Rule 21 motion, "the court considers whether the claims involve common questions

of law or fact”). Because the claims against Google involve different factual and legal questions, they depend on different evidence, such that this “factor also favors severance.” *Id.* at *6.

Because “there is little factual overlap” between the claims against Google, Meta, and Kaiser, severance is favored since “there are likely to be few common questions of fact.” *Hernandez*, 2017 WL 2081236 at *9. Since the claims against Google and Meta concern “different technologies,” as explained *supra*, if the claims against Google are severed, then “depositions and written discovery in each case could be tailored to the specific products at issue.” *See Trazo v. Nestle USA, Inc.*, No. 5:12-cv-02272-PSG, 2013 WL 12214042 at *3 (N.D. Cal. Dec. 4, 2013). To prove their claims against Meta, Plaintiffs will need to seek discovery from that entity and its employees, as well as from experts with knowledge of the functionalities of Meta Pixel. Plaintiffs’ claims against Google, on the other hand, will turn on different testimony by different witnesses, different documentary evidence, and likely different experts. *See Cellectricon AB v. Fluxion Biosciences, Inc.*, No. C-09-3150 RMW, 2011 WL 1557987, at *3 (N.D. Cal. Apr. 25, 2011) (granting motion to sever because claims concerned “different technologies” and thus required different evidence); *see also Trazo*, 2013 WL 12214042 at *3 (granting motion to sever “because each product is unique, [and] the majority of the evidentiary proof required to sustain claims for each product will likewise be unique”). While the claims against Google and Kaiser may entail evidentiary overlap to the extent that Kaiser’s alleged actions involve the deployment of Google’s technology, many of the witnesses and documentary proof will nonetheless be distinct.

Nor do the claims against Google concern sufficiently common legal questions with those against Meta and Kaiser as to disfavor severance. Where “the factual predicates underlying the violations are different,” any “legal overlap” is “not the type . . . about which the Court typically would be concerned.” *See Leslie*, 2010 WL 2991038 at *5 (“the Court will not be required to resolve significant questions of law in isolation from those facts”). Plaintiffs’ claims against Google and Meta, as explained above, involve entirely distinct sets of facts and call for different proof. Thus, though the legal claims may be the same, the Court’s adjudication of the claims as to each Defendant will rise and fall separately. The same is true of the two causes of action asserted

against both Google and Kaiser. *See* ECF No. 1-4 at 33, 35. "While the claims against [Defendants] might present some common legal theories and questions of law," the majority of "other legal theories or questions will be distinct, and this mix weighs in favor of severance." *See Trazo*, 2013 WL 12214042 at *3.

### C. Severance Will Promote Judicial Economy, Facilitate Settlement, and Avoid Prejudice to Google

Severance would promote judicial economy, simplify any future settlement discussions that might occur, and avoid prejudice to Google—since, should the court grant severance, Google will promptly seek relation of the severed claims to the *Doe v. Google* Action. *See Leslie*, 2010 WL 2991038 at *4 ("The application of Rule 21 involves considerations of convenience and fairness … [including] whether settlement of the claims or judicial economy would be facilitated; [and] [] whether prejudice would be avoided if severance were granted"); *Hernandez*, 2017 WL 2081236 at *6 (same); *Burden*, 2022 WL 20113300 at *3 (same).

Pursuant to N.D. Cal. LR 3-12(a), an action is related to another when: "(1) The actions concern substantially the same parties, property, transaction or event; and (2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." *See* LR 3-12(a). While Google will reserve its relation argument until that motion is properly before the Court, it is worth noting here that both of these requirements are met with respect to *Newton* and *Doe v. Google*. As explained above, the claims in *Newton* and in *Doe v. Google* arise from the same factual nexus, involve the same technology, and are asserted against the same defendant. *See supra* at 2-3.

Further, the proposed class in *Doe v. Google* subsumes the proposed class in the instant case:

> ***Doe v. Google* Proposed Class.** "All persons in the United States and its territories whose Health Information was obtained by Google from their Health Care Provider." *See Doe v. Google LLC*, No. 3:23-cv-02431-VC (N.D. Cal.) (ECF No. 86 at 131, ¶ 376).

> ***Newton* Proposed Class.** "All natural persons in the United States who used the Kaiser Platform and whose communications and/or data were intercepted by Defendants, and who received a Notice of Data Breach in May of 2024." *See* ECF No. 1-4 at 2, ¶ 3.

The *Newton* proposed class of all Kaiser patients whose personal medical information was allegedly "intercepted by [Google]" is included in the *Doe v. Google* proposed class of all persons in the United States whose health data was "obtained by Google from their Health Care Provider." To the extent the parties might in the future undertake discussions of settlement, such discussions will be substantially more challenging if they must span (or at least take account of) multiple proceedings at different stages before different judges. Severance will thus simplify any settlement discussions that might occur.

Further, much of the discovery relating to the claims against Google in *Newton* will likely be redundant of discovery in the *Doe v. Google* Action. Denying severance—and thereby foreclosing the relation of these claims—would force Google to litigate the same case twice, before different judges, thus burdening both the courts and Google with duplicative discovery and related motion practice. *See Colors of India v. Nielsen*, No. CV 18-4070-MWF (ASX), 2018 WL 6430118, at *5 (C.D. Cal. Oct. 19, 2018) ("Indeed, severing the claims would likely avoid lengthy delays associated with duplicative, unnecessary discovery requests"); *Carroll v. Wells Fargo & Co.*, No. 15-CV-02321-EMC, 2016 WL 8678441, at *1 (N.D. Cal. Oct. 7, 2016) (Rule 21 "allows a court to structure a case for the efficient administration of justice"). This would risk inconsistent results on multiple fronts, from discovery disputes to dispositive motions to jury verdicts, and raise questions of issue and claim preclusion as the various proceedings progress.

## V. Conclusion

For the foregoing reasons, this Court should sever Plaintiffs' claims against Google in this action.

Dated: July 15, 2024

WILLKIE FARR & GALLAGHER LLP
Benedict Y. Hur
Simona A. Agnolucci
Eduardo E. Santacana
David D. Doak
Isabella McKinley Corbo

By: */s/ Benedict Y. Hur*
BENEDICT Y. HUR

Attorneys for Defendant
GOOGLE LLC