**POTTER HANDY LLP**
Mark D. Potter (SBN 166317)
mark@potterhandy.com
James M. Treglio (SBN 228077)
jimt@potterhandy.com
100 Pine St., Ste 1250,
San Francisco, CA 94111
Tel: (415) 534-1911
Fax: (888) 422-5191
Attorneys for Plaintiff and the Proposed Class

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

CHRISTOPHER NEWTON, CHRISTA VITAL, SCOTT SCHUTZA on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

KAISER FOUNDATION HEALTH PLAN, INC., a California Corporation, META PLATFORMS INC., a Delaware Corporation, GOOGLE LLC, a Delaware Limited Liability Company, and DOES 1 through 100, Inclusive,

Defendants.

Case No. 3:24-cv-03625-EMC

**PLAINTIFFS' OPPOSITION TO MOTION TO SEVER PLAINTIFFS' CLAIMS AGAINST GOOGLE LLC**

Date: August 22, 2024
Time: 1:30 p.m.
Ctrm: 5 – 17th Floor

**CLASS ACTION**
District Judge: Hon. Edward M. Chen
Magistrate Judge: Hon. Peter H. Kang

Trial Date: Not set
Current Action Filed: April 29, 2024
Removal Filed: June 14, 2024

*[CAPTION CONTINUED ON NEXT PAGE]*

| | |
|---|---|
| JOHN DOE, JOHN DOE II, JANE DOE, JANE DOE II, JANE DOE III, JANE DOE IV, and JANE DOE V, Individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>KAISER FOUNDATION HEALTH PLAN, INC., KAISER FOUNDATION HOSPITALS, and KAISER FOUNDATION HEALTH PLAN OF WASHINGTON<br><br>Defendants. | **RELATED ACTION**<br>Case No.: 3:23-02865-EMC<br><br>SAC Filed: May 9, 2024<br>Trial Date: October 27, 2025 |
| ALEXIS SUTTER, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>KAISER FOUNDATION HEALTH PLAN, INC.,<br><br>Defendant. | **RELATED ACTION**<br>Case No.: 3:24-03352-EMC<br><br>Trial Date: Not set<br>Current Action Filed: June 4, 2024 |

## I. INTRODUCTION

As alleged in Plaintiffs' complaint, on April 12, 2024, Defendants Kaiser Foundation Health Plan, Inc. ("Kaiser") reported to the United States Department of Health and Human Services that 13.4 million of its members were affected by a massive data breach. The cause of the breach, according to an April 25 report from TechCruch, was the use of online technologies on its websites and mobile applications that "may have transmitted personal information to third-party vendors."[1] The subsequent notification provided to those Kaiser consumers – all members of the putative class – indicated that Kaiser regularly shared information from its website and mobile applications to Google and Meta. (ECF 1-4 (FAC), ¶¶ 15, 27, 33, and 157-158.)

So, as a result, Plaintiffs Christopher Newton, Christa Vital, and Scott Schutza (collectively, "Plaintiffs"), brought the current action naming Kaiser, Google LLC ("Google") and Meta Platforms, Inc. ("Meta"), for claims related to the Notice of Data Breach sent by Kaiser to Plaintiffs and the putative class members in May 2024, and related to the public filing to the United States Department of Health and Human Services on April 12, 2024. Because these claims all result from a single series of transactions and events, Plaintiffs believe they should be part of one case, the present action.

Google, meanwhile, argues the opposite. Google, already facing suits across multiple platforms, seeks to sever the causes of action currently pending against it so as to join the *Doe v. Google LLC*, No. 3:23-cv-02431-VC (N.D. Cal.) (*Doe v. Google*) action currently pending before the Hon. Vince Chhabria, arguing that it would be more efficient. Plaintiffs disagree with that notion on several accounts

For one, such a severance would necessarily create the duplicative discovery Google claims it wants to avoid. For instance, one of Plaintiffs' main claims in this action are based on violations of the California Confidentiality of Medical Information Act, Cal. Civil Code §56, *et seq*., that Kaiser released or disclosed medical information without authorization. One of the key components of that cause of action is whether or not medical information was released or

[1] https://techcrunch.com/2024/04/25/kaiser-permanente-health-plan-millions-data-breach/

disclosed by Kaiser to Google. "Medical Information" is a defined term under the CMIA, requiring both personally identifiable information (name, social security number, etc.) and "patient's medical history, mental health application information, reproductive or sexual health application information, mental or physical condition, or treatment". Cal. Civil Code §56.06(j). And so, in proportion to the needs of the case, Plaintiffs will necessarily seek discovery as to what information was released and/or disclosed to Google from Kaiser, and what information was received by Google. If Plaintiffs' claims against Google are severed, Plaintiffs would have to seek the same information from both Kaiser and Google twice – once by written discovery, and once by subpoena – necessarily creating duplicative discovery.

Similarly, since many of the witnesses to the events that led to this wholesale disclosure of medical information and subsequent sale to advertisers are going to be the same, severing Google's claims from this action would necessarily require the same witnesses to be deposed twice in what would then be two separate actions in front of two different judges. And further potentially lead to inconsistent rulings between the Honorable Judge Chhabria and the Court.

For these reasons, and the reasons further elaborated below, Plaintiffs respectfully request the Court deny Google LLC's motion to sever.

## II. PROCEDURAL BACKGROUND

Plaintiffs Christopher Newton, Christa Vital, and Scott Schutza (collectively, "Plaintiffs"), individually and on behalf of others similarly situated, sued Defendants Kaiser Foundation Health Plan, Inc. ("Kaiser"), Meta Platforms, Inc. ("Meta"), and Google LLC ("Google") (collectively, "Defendants") on claims arising out of Defendants' wrongful collection, use, and release of Plaintiffs' sensitive and confidential medical information. (*See* ECF 1-4 (FAC).)

Plaintiffs are individuals who used Kaiser's websites and web applications. (ECF 1-4 (FAC), ¶¶ 12-14.) Unbeknownst to Plaintiffs, Kaiser incorporated Meta and Google's technology into Kaiser's platforms, allowing Meta and Google to intercept Plaintiffs' data and use it for their own benefit without Plaintiffs' authorization. (ECF 1-4 (FAC), ¶¶ 6, 22, 23, 25, 26, 32.) Defendants Google and Meta knew that Kaiser's incorporation of their software into the Kaiser

website and apps would result in their interception of identifiable health information and other sensitive data. (ECF 1-4 (FAC), ¶¶ 17- 23.)

In April 2024, Plaintiffs learned through an article on TechCrunch and other media reporting that their personal medical information and personal identifying information were disclosed to "third-party advertisers," including Google and Meta. (ECF 1-4 (FAC), ¶ 27.)

In May 2024, Kaiser notified approximately 13.4 million affected current and former members of a data breach potentially them. (*See* ECF 1-4 (FAC), ¶¶ 31, 33.) According to Kaiser, the information comprised included IP addresses, names, information that could indicate a member or patient was signed into a Kaiser account or service, information showing how members or patients interacted with and navigated through the website and mobile applications, and search terms used in the health encyclopedia. (ECF 1-4 (FAC) at ¶ 34.)

Kaiser's notice to potentially affected current and former members stated that "[o]n October 25, 2023," Kaiser had "determined that certain online technologies…installed on our websites and mobile applications may have transmitted personal information to our third-party vendors…when members and patients accessed our websites or mobile applications." (ECF 1-4 (FAC), ¶ 33.) Kaiser therefore knew by October 25, 2023 at the latest that third-party vendors were using technologies on Kaiser's platform to obtain personal information from those who logged into Kaiser's platform, yet took no action to warn potentially affected persons until almost seven months later. (ECF 1-4 (FAC), ¶ 37.) During this time, unauthorized third parties had free reign to surveil and defraud their unsuspecting victims. (*Id.*) And in fact, during this time, Plaintiffs, began noticing advertisements on social media sites, such as Facebook and Instagram for illnesses that they previously had only disclosed to their physicians. (ECF 1-4 (FAC), ¶ 38.) These advertisements clearly indicate that not only was medical information released to third parties, but the information was viewed, and then acted upon. (*Id.*)

Plaintiffs filed their action on behalf of similarly situated persons nationwide who used Kaiser's platform and whose communications and/or data were intercepted by Defendants, and who received a Notice of Data Breach in May of 2024. (ECF 1-4 (FAC), ¶ 3.)

Plaintiffs' operative complaint asserts causes of action for 1) violation of California's Confidentiality of Medical Information Act, Cal. Civ. Code, §§ 56, *et seq*.; 2) violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq*.; 3) Negligence; 4) Negligence Per Se; 5) Common Law Invasion of Privacy – Intrusion Upon Seclusion; 6) California's Invasion of Privacy Act, Cal. Penal Code § 631; and 7) California's Invasion of Privacy Act, Cal. Penal Code § 631. (ECF 1-4 (FAC), *passim*.)

Google seeks to sever Plaintiffs' claims against it. (ECF 24.)

## III. THE COURT SHOULD DECLINE TO SEVER PLAINTIFF'S CLAIMS AGAINST GOOGLE

Under Federal Rule of Civil Procedure 21, "the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21. Whether to grant a motion to sever lies within the sound discretion of the district court. *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997). However, a court may not "attempt to separate an essentially unitary problem[.]" *Anticancer, Inc. v. Pfizer Inc.,* No. 11CV107 JLS RBB, 2012 WL 1019796, at *1 (S.D. Cal. Mar. 26, 2012) (quoting *Spencer, White & Prentis, Inc. v. Pfizer, Inc.,* 498 F.2d 358, 362 (2d Cir.1974)).

"Application of Rule 21 involves consideration of convenience and fairness." *S.E.C. v. Leslie,* No. C 07-3444, 2010 WL 2991038, at *4 (N.D. Cal. July 29, 2010) (citing *Spencer, White & Prentis, Inc. v. Pfizer, Inc.,* 498 F.2d 358, 362 (2d Cir.1974)). In deciding whether to sever a claim under Rule 21, a court considers: (1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for the separate claims." *Hernandez v. City of San Jose*, No. 16-CV-03957-LHK, 2017 WL 2081236, at *4 (N.D. Cal. May 15, 2017). "These factors 'do not operate as a mechanical test, but rather, serve as a guide to courts in exercising discretion over severance motions.'" *Burden v. Serafin*, No. 22-CV-03479-DMR, 2022 WL 20113300, at *3 (N.D. Cal. Nov. 14, 2022)

(quoting *Jetpack Enterprises, LLC v. Jetlev, LLC*, No. SACV1502113CJCJCGX, 2016 WL 11020227, at *3 (C.D. Cal. Aug. 31, 2016)).

"The party seeking severance bears the burden of proving that separation of the claims is necessary." *Horowitz v. Chen*, No. SACV1700432CJCDFMX, 2020 WL 4805466, at *2 (C.D. Cal. May 20, 2020) (citing *Anticancer*, 2012 WL 109796, at *1). Google fails to carry its burden here.

### A. The Claims Against Google Arise from the Same Transaction or Occurrence as Plaintiffs' Claims Against Other Defendants.

Claims arise from the same transaction or occurrence when there is "similarity in the factual background of [the] claim[s]." *Coughlin*, 130 F.3d at 1350. This "simply requires 'related activities' and 'similarity in the factual background of a claim.'" *Jacques v. Hyatt Corp.*, No. C 11-05364 WHA, 2012 WL 3010969, at *3 (N.D. Cal. July 23, 2012) (citing *Bravado Int'l Grp. Merch. Servs. v. Cha,* No. CV 09-9066 PSG (CWX), 2010 WL 2650432, at *4 (C.D. Cal. June 30, 2010)).

Plaintiffs' claims against Google arise out of the same "transactions and occurrences" as their claims against Kaiser: the incorporation into Kaiser's platforms of Google technology that allowed the interception of Plaintiffs' data and communications, and the use of such technologies to access and collect Plaintiffs' private information. Plaintiffs allege Kaiser "created, maintained, preserved, and stored" Plaintiffs' and the Class members' personal and confidential medical information, which was then "released to unauthorized persons" and/or "intercepted" by them, without Plaintiffs' and the Class members' authorization. (ECF 1-4 (FAC) at ¶¶ 4-6). Google is one of the "unauthorized persons" to whom Kaiser intentionally or negligently released Plaintiffs' data. (ECF 1-4 (FAC) at ¶ 6, *see also id.* at ¶¶ 176-179.)

Defendant Meta is, like Google, an "unauthorized person" that accessed Plaintiffs' confidential and private information through Kaiser's platform. While Google and Meta may have used different technology to obtain Plaintiffs' private data, there is overlap in the "transactions and occurrences" underlying Plaintiffs' claims against all three Defendants.

### B. The Claims Present Questions of Law and Fact Common to Plaintiffs' Other Claims and Will be Proved by Common Evidence.

Whether there are common questions of law or fact is "not a particularly stringent test[.]" *Rosewolf v. Merck & Co.*, No. 22-CV-02072-JSW, 2022 WL 3214439, at *2 (N.D. Cal. Aug. 9, 2022) (citing *Walker v. Bryson*, No. 1:11-CV-01195-AWI, 2012 WL 5186658, at *4 (E.D. Cal. Oct. 16, 2012)

Plaintiffs' claims against all three Defendants present significant common legal questions, including but not limited to whether the type of information Defendants obtained and sold to third party advertisers constitutes confidential medical information as defined by Civil Code § 56.05(j) and whether selling data gathered from Plaintiffs and the class via Kaiser's platforms violated the FTC Act, HIPAA, CMIA, and/or other law.

Plaintiffs' claims against all three Defendants also involve common questions of fact. Incorporation of Google's technology onto Kaiser's website and apps and use of such technology to obtain Plaintiffs' confidential and private information are key factual questions underlying Plaintiffs' claims against both Kaiser and Google. "Each of the defendants, moreover, will surely be pointing to the other as the primary cause of the ultimate injuries[,]" which further creates common questions of fact. *Jacques v. Hyatt Corp*., 2012 WL 3010969, at *4.

Since Plaintiffs claim that both Google and Meta accessed their private information via Kaiser's platforms, Plaintiffs' claims against Google also raise factual questions that will be common to their claims against Meta.

### C. The Claims and Will be Proved by Common Evidence and Severance Will Not Facilitate Judicial Economy.

There will be substantial overlap in the evidence relevant to proving Plaintiffs' claims against all three Defendants. Indeed, Google concedes that "the claims against Google and Kaiser may entail evidentiary overlap to the extent that Kaiser's alleged actions involve the deployment of Google's technology," (ECF 24 at p. 6) but this understates the reality.

Incorporation of Google's technology into Kaiser platforms is at the core of Plaintiffs' claims against Google and Kaiser and the same evidence will be relevant to litigating Plaintiffs claims against both Defendants. Given the nature of Plaintiffs' claims, Google witnesses and

documentary records will be relevant to Plaintiffs' claims against Kaiser and Kaiser witnesses and documents will be relevant to Plaintiffs' claims against Google. Expert testimony on issues relating to Google's technology and its incorporation onto Kaiser's website and expert testimony on issues relating to damages is also likely to overlap. This factor weighs against severance. *Cf. Cf. Zaldana v. KB Home*, No. C-08-3399 MMC, 2010 WL 4313777, at *2 (N.D. Cal. Oct. 26, 2010) (denying severance, noting "defendants offer no evidence, for example, that if severance were granted, [certain witnesses] would not be necessary witnesses in both trials."); *Brighton Collectibles, Inc. v. RK Texas Leather Mfg*., No. 10-CV-419-GPC WVG, 2013 WL 2631333, at *6 (S.D. Cal. June 11, 2013) (declining to sever claims and finding "there is no indication that these common witnesses, percipient and expert, would not have to testify twice" if claims were severed).

### D. Severance Will Not Facilitate Settlement Nor Judicial Economy.

Because Plaintiffs' claims against Google and the other Defendants present common questions that will be proved by the same evidence, severing Plaintiffs' claims against Google will not serve judicial economy. *See SEC v. Leslie*, 2010 WL 2991038, at *4 (denying motion to sever claims where "[b]ecause of the significant number of common witnesses and documents, severance would not result in judicial economy[.]"); *see also Grano v. Sodexo Mgmt., Inc.,* No. 318CV01818GPCBLM, 2020 WL 2111898, at *8 (S.D. Cal. May 4, 2020) (finding severance would not serve judicial economy where "there will be significant overlap of key witnesses and documentary evidence").

Plaintiffs' claims against Google and those against Kaiser "share a high degree of similarity and numerous common questions of law and fact[,]" meaning that "[k]eeping the claims together will streamline the proceedings, reduce litigation costs for all Parties, and eliminate the need for duplicative discovery and motions." *E.C. v. Lincoln Mil. Prop. Mgmt. LP*, No. 21-CV-2070 JLS (BLM), 2022 WL 4241734, at *7 (S.D. Cal. Sept. 13, 2022). Severing Plaintiffs' claims against Google "will produce the opposite and result in inefficiency, overlap of witnesses, issues of fact and law and defenses and will produce a significant amount of extra work." *Schertzer v.*

*Bank of America, N.A.* (S.D. Cal., Apr. 13, 2021, No. 19CV264 JM(MSB)) 2021 WL 1383164, at *3 (S.D. Cal. Apr. 13, 2021).

Google argues severance promotes judicial economy because, if the Court grants severance, Google will promptly seek relation of the severed claims to another action, *Doe v. Google LLC*, No. 3:23-cv-02431-VC (N.D. Cal.) (*Doe v. Google*). (*See* ECF 24 at p. 7.) But this does not promote judicial economy. The nexus between Plaintiffs' claims against Google and against Kaiser in this action is closer than the connection between Plaintiffs' claims against Google in this action and those Google is defending against in *Doe v. Google.* Plaintiffs' claims against both Google and Kaiser arise specifically out of Google's access of confidential and private data through Kaiser's website and apps whereas *Doe v. Google* involves a proposed class of persons whose health information was obtained by Google from *any* health care provider. Severing Plaintiffs' claims against Google into a separate action so that it can be related to *Doe v. Google* is not more efficient than trying Plaintiffs' claims against both Kaiser and Google arising out of the same factual background in the same action.

### E. Severance Would Not Avoid Prejudice.

A danger of prejudice resulting from jury confusion if claims are tried together may support severance. *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1296-1297 (9th Cir. 2000) (holding "danger of jury confusion" supports severance of otherwise properly joined claims). But Google does not allege any danger of jury confusion if Plaintiffs' claims against Google are tried in this action, and there is no such risk.

Instead, Google argues for severance because trying Plaintiffs' claims against it in this action will "force Google to litigate the same cause twice, before different judges." But severing Plaintiffs' claims against Google into a separate action from Plaintiffs' claims against Kaiser when both claims arise out of Google's obtaining Plaintiffs' information through Kaiser's platforms would force *Plaintiffs* to litigate claims arising out of the same events in two separate actions. Accordingly, Google's argument that severance will avoid prejudice is not persuasive.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request the Court deny Google's motion to sever.

Dated: July 29, 2024

POTTER HANDY, LLP

*/s/ James M. Treglio*

JAMES M. TREGLIO,
Attorneys for Plaintiffs