**GIBSON, DUNN & CRUTCHER LLP**
ELIZABETH K. MCCLOSKEY, SBN 268184
emccloskey@gibsondunn.com
ABIGAIL A. BARRERA, SBN 301746
abarrera@gibsondunn.com
One Embarcadero Center, Suite 2600
San Francisco, CA 94111-3715
Telephone: (415) 393-8200
Facsimile: (415) 393-8306

**COOLEY LLP**
MICHAEL G. RHODES, SBN 116127
rhodesmg@cooley.com
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Telephone: (415) 693-2000
Facsimile: (415) 693-2222

*Attorneys for Defendant Meta Platforms, Inc.*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

CHRISTOPHER NEWTON, CHRISTA VITAL, and SCOTT SCHUTZA, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

KAISER FOUNDATION HEALTH PLAN, INC., a California Corporation; META PLATFORMS INC., a Delaware Corporation; GOOGLE LLC, a Delaware Limited Liability Company; and DOES 1 through 100, inclusive,

Defendants.

Case No. 3:24-cv-03625-EMC

**NOTICE OF MOTION AND MOTION TO SEVER CLAIMS AGAINST DEFENDANT META PLATFORMS, INC.**

[*Declaration of Elizabeth K. McCloskey and [Proposed] Order filed concurrently herewith*]

Action Filed: April 29, 2024

Honorable Edward M. Chen

Date: October 31, 2024
Time: 1:30 p.m.
Courtroom: 5 – 17th Floor

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on October 31, 2024 at 1:30 p.m., or as soon as the matter may be heard before the Honorable Edward M. Chen of the United States District Court for the Northern District of California in the San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, California 94102, Defendant Meta Platforms, Inc. ("Meta") will and does move this Court for an order severing the claims against Meta in this action. This motion is brought under Federal Rule of Civil Procedure 21, on the basis that the claims against Meta are related to the claims in *In re Meta Pixel Healthcare Litigation*, Case No. 3:22-cv-3580-WHO (N.D. Cal. June 17, 2022), and should be related to and consolidated with that action.

Meta's motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the concurrently filed Declaration of Elizabeth K. McCloskey, any other matters of which the Court may take judicial notice, other documents on file in this action, and any oral argument of counsel.

Dated: August 23, 2024

GIBSON, DUNN & CRUTCHER LLP

By: */s/ Elizabeth K. McCloskey*
Elizabeth K. McCloskey

*Attorney for Meta Platforms, Inc.*

## INTRODUCTION

This action involves the alleged transmission of allegedly sensitive user information from Defendant Kaiser Foundation Health Plan, Inc. ("Kaiser") to several entities, including Defendant Meta Platforms, Inc. ("Meta"). Plaintiffs allege that Kaiser, a healthcare provider, sent users' identifiable medical information, health data, and prescription requests to Meta via Meta's Pixel and software development kit ("SDK")—tools that web and app developers can choose to install on their platforms to measure particular types of user activity, such as online purchases.

The allegations and claims against Meta in this case are duplicative of—and encompassed within—those asserted in the consolidated action *In re Meta Pixel Healthcare Litigation*, Case No. 3:22-cv-03580-WHO (N.D. Cal. June 17, 2022) (the "Consolidated Healthcare Action"). The complaint in the Consolidated Healthcare Action alleges that healthcare providers and other entities covered by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") or the California Confidentiality of Medical Information Act ("CMIA"), including healthcare providers, sent sensitive health information to Meta via Meta's business tools, including the Meta Pixel and SDK. Because the allegations and many of the claims against Meta in this case are covered by and subsumed within the claims asserted in the Consolidated Healthcare Action, it would conserve resources, promote judicial economy, and avoid conflicting results to relate and consolidate plaintiffs' claims against Meta in this action with the consolidated healthcare action. Accordingly, Meta now moves to sever plaintiffs' claims against Meta in this action so those claims may be related to and consolidated with the Consolidated Healthcare Action.

## BACKGROUND

***The Consolidated Healthcare Action.*** On June 17, 2022, a "John Doe" filed an action against Meta, alleging that his healthcare provider installed tracking and collection tools, including the Meta Pixel, on the patient portal websites that the plaintiff used to access his healthcare provider's services. Dkt. 1 ¶ 1, Case No. 3:22-cv-3580-WHO. Following the filing of that action, several other lawsuits alleging the same facts and bringing the same or similar claims were filed, both in and outside of the Northern District of California. On October 12, 2022, the court granted a motion to consolidate these cases and established a process for the parties to consolidate any additional related claims into the

Consolidated Healthcare Action. *Id.* Dkt. 73 ¶ 4. Since that order, Meta and the plaintiffs in the Consolidated Healthcare Action have moved to relate and consolidate similar claims filed across the country into the Consolidated Healthcare Action. This includes moving to sever and transfer claims against Meta in a number of cases filed against Meta and defendant healthcare providers outside of the Northern District of California. *Id.*, Dkt. 191 at 45 (listing cases related to and consolidated into the Consolidated Healthcare Action as of March 7, 2023); Dkt. 384 (detailing additional cases related to and consolidated into the Consolidated Healthcare Action).

On October 10, 2023, plaintiffs in the Consolidated Healthcare Action filed their First Amended Consolidated Class Action Complaint ("FAC") alleging that Meta used its business tools, including the Meta Pixel and SDK, "to intercept individually identifiable health information from Meta health care 'Partner'" web properties. *Id.*, Dkt. 335 ¶ 1. The FAC alleged that because a number of "covered entities" had installed Meta's tracking tools, including the Pixel and SDK, on their patient portals, Meta received individually identifiable, confidential, and otherwise sensitive health information about plaintiffs, including information shared with covered entities when setting up appointments, communications with providers regarding conditions or treatments, and "substantially similar communications that patients exchange with health insurance companies, pharmacies, and prescription drug companies." *Id.* ¶ 84. The FAC defined "covered entities" to include "healthcare providers, health insurers, healthcare clearinghouses, patient portal providers, pharmacies, pharmaceutical companies, and any other entity, business associate, or contractor for which patient health or medical information is protected by HIPAA or the CMIA." *Id.* ¶ 21. Kaiser is a named entity in the FAC. *Id.* ¶¶ 33, 34, 36, 114, 115, 116, 117, 120, 121.

The FAC asserts a variety of common law and statutory privacy-related causes of action, including: (1) breach of contract; (2) breach of the duty of good faith and fair dealing; (3) violation of the federal Wiretap Act; (4) violation of the California Invasion of Privacy Act ("CIPA"); (5) intrusion upon seclusion; (6) invasion of privacy; (7) trespass; (8) violation of the California Comprehensive Data Access and Fraud Act ("CDAFA"); and (9) unjust enrichment. *Id.*, Dkt. 335 ¶¶ 368–547. It seeks to certify a nationwide putative class of "[a]ll Facebook users whose health information was obtained by Meta from their health care provider or covered entity through Meta Collections Tools." *Id.* ¶ 353.

Meta Collections Tools are defined as "the Meta Pixel, Meta SDK, Meta Conversions API, customer list uploads, social plug-ins, Meta Graph API, server-to-server transmissions, and any other similar collection tools." *Id.* ¶ 354.

***This action.*** On April 29, 2024, plaintiffs Christopher Newton, Christa Vital, and Scott Schutza filed a putative class action in Alameda County Superior Court against Kaiser Foundation Health Plan and Does 1–100. Dkt. 1 ¶ 1, Case No. 3:24-cv-03625-EMC. On June 10, plaintiffs amended the complaint to add Meta and Google as defendants. *Id.* ¶ 3. On June 14, Kaiser removed the case to the Northern District of California under the Class Action Fairness Act ("CAFA"). *Id.*, Dkt. 1. Plaintiffs allege that Kaiser, a "provider of healthcare," incorporated pixel and SDK tracking technology from third-party advertisers Meta and Google on the Kaiser platform. *Id.*, Dkt. 1-4 ¶ 16–23. Plaintiffs allege that, as a result, Meta and Google "intercepted users' health data and other highly sensitive information," including users' "PII, requests for prescriptions, and identifiable medical information." *Id.*, Dkt. 1-4 ¶¶ 6, 104, 117. Based on these allegations, plaintiffs assert the following claims against Meta: (1) violation of California Confidentiality of Medical Information Act ("CMIA") sections 56.101 and 56.10; (2) violation of the California Unfair Competition Law; (3) intrusion upon seclusion; and (4) violations of CIPA sections 631 and 632. *Id.* ¶¶ 154–230. Plaintiffs also seek certification of a nationwide putative class of "[a]ll natural persons in the United States who used the Kaiser Platform and whose communications and/or data were intercepted by Defendants, and who received a Notice of Data Breach in May of 2024." *Id.*, ¶ 143.

## ARGUMENT

"On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21. District courts have "broad discretion in determining whether to order severance under Rule 21," *Bodri v. Gopro, Inc.*, 2016 WL 1718217, at *1 (N.D. Cal. Apr. 28, 2016), and "Rule 21 allows the Court to sever [] claims against [a defendant] even though it was properly joined as a defendant." *Bradford Techs., Inc. v. Biggers*, 2014 WL 12641953, at *5 (N.D. Cal. May 27, 2014). "[A] court may sever claims that are discrete and separate." *Burden v. Serafin*, 2022 WL 20113300, at *3 (N.D. Cal. Nov. 14, 2022) (citation omitted). Severance is proper where it "will serve the ends of justice and further the prompt and efficient

disposition of litigation." *Khanna v. State Bar of Cal.*, 2007 WL 2288116, at * 2 (N.D. Cal. Aug. 7, 2007).

In considering whether to sever a claim under Rule 21, a court considers the following factors: "(1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for the separate claims." *SEC v. Leslie*, 2010 WL 2991038, at *4 (N.D. Cal. July 29, 2010).

### A. Severing the Claims Against Meta Would Promote Judicial Economy and Avoid Prejudice to Meta.

Severance of the claims against Meta would further the interests of judicial economy and promote the efficient adjudication of these claims. Meta and the plaintiffs in the Consolidated Healthcare Action intend to seek relation and consolidation of plaintiffs' claims against Meta with the Consolidated Healthcare Action, conditioned on the Court granting this motion.[1] *See XpandOrtho, Inc. v. Zimmer Biomet Holdings, Inc.*, 2022 WL 18110171, at *5 (S.D. Cal. Nov. 22, 2022) (severing claims so that they could be transferred to the Middle District of Florida, where "related" litigation was ongoing).

The claims against Meta in this case are duplicative of, and subsumed within, those in the Consolidated Healthcare Action. Both cases allege that Meta received sensitive health information as a result of covered entity website operators' installation of Meta's tracking tools, including the Meta Pixel and SDK. *See* Dkt. 335 ¶ 1, Case No. 3:22-cv-03580-WHO.[2] The putative class alleged in the

---

[1] The motion to sever the claims against Meta must be made in this case, while the motion to relate and consolidate the severed claims must be made in the Consolidated Healthcare Action (as that is the case with the lowest docket number). *See* Civil L.R. 3-12(b). Accordingly, each motion will be conditioned on the other being granted.

[2] For example, plaintiffs in this case have alleged that Kaiser disclosed and allowed third parties—including Meta—to intercept "users' interactions on the Kaiser Platform," including "users' specific responses to medical history and other health questions Kaiser asked in connection with a medical consultation." Dkt. 1-4 ¶ 102, Case No. 3:24-cv-03625-EMC. Similarly, the plaintiffs in the Consolidated Healthcare Action allege in the FAC that Meta received users' "email addresses, IP addresses, persistent cookie identifiers, device identifiers, and browser fingerprint information; . . .

*(Cont'd on next page)*

Consolidated Healthcare Action includes "[a]ll Facebook users whose health information was obtained by Meta from their health care provider or covered entity." *Id.* Dkt. 335 ¶ 353. Kaiser, the online platform that allegedly installed Meta's tracking tools at issue in this case, is explicitly named as a covered entity in the Consolidated Healthcare Action. *Id.* ¶¶ 33, 34, 36, 114, 115, 116, 117, 120, 121. Accordingly, any health information transmitted from Kaiser to Meta using Meta's tracking tools is already the subject of the Consolidated Healthcare Action.

Similarly, both actions bring statutory and common law privacy-related causes of action, and both bring claims for intrusion upon seclusion and violation of CIPA sections 631 and 632.[3] The plaintiffs in the Consolidated Healthcare Action have confirmed that they view the allegations against Meta in this case as wholly covered by and subsumed within the FAC in the Consolidated Healthcare Action. McCloskey Decl., ¶ 2. Given this duplication of allegations and claims, plaintiffs' claims against Meta in this case should be severed so that they can be related to, and consolidated with, the Consolidated Healthcare Action. *See Netlist, Inc. v. Smart Modular, Inc.*, 2013 WL 12128691, at *7 (C.D. Cal. Nov. 26, 2013) (severing claims so that they could be consolidated with related pending actions in the Northern District of California).

Severing the claims against Meta in this action so they can be related to and consolidated with the Consolidated Healthcare Action will increase efficiencies and reduce the burden on the parties and the judicial system. Severance and consolidation would reduce the significant and unnecessary burden on Meta and the judicial system associated with simultaneous, largely duplicative discovery processes proceeding in parallel in different cases. *Colors of India v. Nielsen*, 2018 WL 6430118, at *5 (C.D. Cal. Oct. 19, 2018) ("Indeed, severing the claims would likely avoid lengthy delays associated with

---

dates and times that Plaintiffs and Class members log in and log out of their health care provider or covered entity patient portals; . . . the content of communications that Plaintiffs and Class members exchange inside their health care providers' patient portals; [and] . . . the content of Plaintiffs' and Class members' communications about their appointments, providers, treatments, conditions, symptoms, diagnoses, prognoses, payment information, prescription drugs, and insurance information with their providers and other covered entities." Dkt. 335 ¶ 396, Case No. 3:22-cv-03580-WHO.

[3] The only claims against Meta in this action that are not asserted in the Consolidated Healthcare Action are claims pursuant to CMIA and California's Unfair Competition Law. All other claims in this action against Meta overlap completely with the claims asserted in the Consolidated Healthcare Action. And with respect to CMIA, the FAC in the Consolidated Healthcare Action includes entities subject to CMIA in its definition of "covered entities" and includes several allegations regarding CMIA in support of its claims.

duplicative, unnecessary discovery requests."). This approach will also avoid prejudice against Meta and the risk of inconsistent results that may spring from having to litigate the same issues in multiple cases. *See Netlist*, 2013 WL 12128691, at *7; *XpandOrtho*, 2022 WL 18110171, at *5.

### B. The Claims Against Meta Present Distinct Factual Questions and Require Different Witnesses and Documentary Proof From Those Against the Other Defendants.

Although plaintiffs in this case bring some of the same claims against Google and Meta, the claims are premised on distinct factual allegations and do not arise out of the same "transaction or occurrence." *Leslie*, 2010 WL 2991038, at *4.[4] Google and Meta are each alleged to have intercepted plaintiffs' information via their respective, separate tools; specifically, plaintiffs allege their data was collected through the Meta Pixel, Dkt. 1-4 ¶ 87, Case No. 3:24-cv-03625-EMC, Meta's "software development kit (SDK)," *id.* ¶ 94, and a "code" Google embeds on third-party websites, *id.* ¶ 108. The factual allegations surrounding each of these tools are distinct. *Id.* ¶¶ 80–104 (discussing Meta's SDK and Pixel technologies); *id.* ¶¶ 105–115 (discussing Google's tracking technology). Plaintiffs do not allege that Google and Meta collaborated with one another in the process of receiving plaintiffs' data. Nor do they claim that these technologies interact with one another. The alleged transmission of sensitive data by the Meta Pixel and Meta SDK thus not only raises distinct factual questions, but also reflects a completely separate process from the alleged transmission of plaintiffs' data by Google's separate technology.

To prove the claims against Google and Meta, therefore, plaintiffs will have to pursue separate evidence for each of the technologies alleged to have facilitated transmission of their data. This will necessarily include separate witnesses with knowledge of each of these different technologies, because plaintiffs have not alleged any relationship between the different technologies or the different claims asserted against each of the defendants. Granting severance of the claims against Meta in this case, therefore, will ease the burdens of discovery. Requiring the jury to hear evidence regarding each of these distinct technologies alongside one another may also risk confusion and prejudice to Meta and

---

[4] Further, on July 15, 2024, Google sought severance of the claims against it in this case. *See* Dkt. 24.

Google. *See E.C. v. Lincoln Mil. Prop. Mgmt. LP*, 2022 WL 4241734, at *5 (S.D. Cal. Sept. 13, 2022) ("likelihood of prejudice to defendant and confusion of the jury . . . are proper considerations for the court" in deciding whether severance is warranted).

Conversely, discovery related to plaintiffs' claims against Meta in this case will be duplicative of the discovery sought in the Consolidated Healthcare Action. In addition to the unnecessary burden and expense of requiring Meta to engage in duplicative discovery negotiations and make duplicative productions, requiring the claims against Meta in this case to proceed separately from the Consolidated Healthcare Action would unnecessarily require the courts to hear, and Meta to litigate, the same discovery disputes multiple times, unduly burdening the judicial system and Meta and increasing the risk of inconsistent rulings. *See Trazo v. Nestle USA, Inc.*, 2013 WL 12214042, at *3 (N.D. Cal. Dec. 4, 2013) ("Severing Plaintiffs' case . . . will help streamline discovery and allow the parties to focus on the distinct evidence required to support each separate claim.").

**CONCLUSION**

Meta respectfully requests that this Court sever the claims against Meta in this action so that the claims may be related to and consolidated with the Consolidated Healthcare Action.

Dated: August 23, 2024

**GIBSON, DUNN & CRUTCHER LLP**

By: /s/ Elizabeth K. McCloskey
Elizabeth K. McCloskey

**COOLEY LLP**

By: /s/ Michael G. Rhodes
Michael G. Rhodes

*Attorneys for Meta Platforms, Inc.*

## CIVIL L.R. 5-1(i)(3) ATTESTATION

Pursuant to Civil Local Rule 5-1(i)(3), I, Elizabeth K. McCloskey, hereby attest under penalty of perjury that concurrence in the filing of this document has been obtained from all signatories.

Dated: August 23, 2024

**GIBSON, DUNN & CRUTCHER LLP**

By: *<u>/s/ Elizabeth K. McCloskey</u>*
Elizabeth K. McCloskey